IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

TERRY S. EVERSOLE,                    )
                                       )
          Plaintiff,                   )
                                       )
vs.                                    )
                                       )        Civil Action No. 3:11CV00428
FORD MOTOR COMPANY                     )
                                       )
and                                    )
                                       )
CATERPILLAR, INC.,                     )
                                       )
          Defendants.                  )

**PLAINTIFF'S MOTION FOR AN EXTENSION TO RESPOND TO
FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, Terry Eversole, by and through his counsel, and moves to extend
the time permitted to respond to Ford Motor Company's Motion for Summary Judgment pursuant to
Rule 7(I), Rules of the United States District Court for the Eastern District of Virginia. Ford Motor
Company's Motion for Summary Judgment was served March 2, 2012. Plaintiff requests that he be
permitted until March 22, 2012, to respond.

The claims in this matter involve two remedial statutes, the interpretation of which should
favor the consumers whom the statutes were intended to benefit. Ford Motor Company contends that
the Plaintiff is not a "consumer" under those statutes and that the vehicle does not qualify as a
"consumer product." But Ford Motor Company issues instructions to builders of recreational
vehicles as to how to "upfit" this truck to use it as a personal, recreational vehicle. Those

instructions were provided to Ford's counsel by Plaintiff, but not referenced it its attempt to classify the truck as entirely commercial in nature. Reference to them now, and their inclusion as an exhibit to Plaintiff's Memorandum in Opposition to Ford's Motion for Summary Judgment would not therefore be prejudicial to Ford.

Ford's memorandum in support also includes as undisputed some facts regarding Plaintiff's use of the vehicle which are in fact in dispute, particularly referring to the deposition of Plaintiff, which should be considered as a whole. Further, Ford's motion identifies the language in the Magnuson-Moss Warranty Act describing the scope of the Act's coverage, but does not mention the rules prescribed by the Federal Trade Commission defining the products covered. See 16 C.F.R. 700.1(a). These fact-based arguments are more fully set out in the memorandum accompanying this request, and in the Memorandum in Opposition to Ford's Motion for Summary Judgment. Plaintiff's counsel is late in responding to Ford Motor Company's Motion for Summary Judgment for several reasons. I had intended to devote considerable time to respond to the motion, which necessitates reading Ford's exhibits and reading all the cases cited by Ford, as well as gathering evidence to support Plaintiff's position, but had not familiarized myself with the Local Rules, except to read Local Rule 56, without referring back to Rule 7(F). Practicing entirely in state court (except for one motion in each District Court in Virginia, each years ago), I was unaware of the deadline running forward from the date of service of the motion rather than backward from the date of the hearing (Rule 4:15, Rules of the Supreme Court of Virginia). No hearing having been set, I believed I had plenty of time to respond.

Plaintiff's response to Caterpillar's Motion for Summary Judgment was timely and raises issues related to both defendants, so that the arguments in response to Caterpillar's motion should

also be considered arguments against Ford Motor Company's motion.  That is, in deciding whether to grant or deny the defendants' motions for summary judgment, the Court need make a determination as to whether this type of vehicle qualifies as a consumer product under the Magnuson-Moss Warranty Act, which requires consideration of the Federal Trade Commission's interpretation of the Act.

Plaintiff requests leave for an extension of time, until March 22, 2012, to file a Memorandum in Opposition to Ford Motor Company's Motion for Summary Judgment

TERRY S. EVERSOLE

By:___/s/ Patty Anderson____
Counsel

Patricia Michels Anderson (VSB 65220)
Patty Anderson, Attorney
5905 W. Broad St., Suite 303
Richmond, VA 23230
804.282.7900
804.673.7900 (fax)
panderson@theconsumerlawgroup.com

CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2012, copies of the foregoing Motion for Extension

was sent via electronic mail to the following:


W.F. Drewry Gallalee (VSB No. 20561)
Harold E. Johnson (VSB No. 65591)
Williams Mullen
A Professional Corporation
200 South 10th Street
P. O. Box 1320
Richmond, VA  23218-1320
Phone:  804.420.6000
Fax:  804.420.6507
dgallalee@williamsmullen.com
hjohnson@williamsmullen.com
*Counsel for Caterpillar, Inc.*


William Demarest, Esquire
Goodman Allen & Filetti
4501 Highwoods Parkway
Suite 210
Glen Allen, VA  23060
wdemarest@goodmanallen.com
CAllen@goodmanallen.com
Fax:  804.346.5954
*Counsel for Ford Motor Company*


                                   /s/   Patty Anderson
                                   Patricia Michels Anderson (VSB 65220)
                                   Patty Anderson, Attorney
                                   5905 W. Broad St., Suite 303
                                   Richmond, VA 23230
                                   panderson@theconsumerlawgroup.com
                                   804.282.7900
                                   804.673.7900 (fax)


4