IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TERRY S. EVERSOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 3:11CV00428 |
| FORD MOTOR COMPANY ) | |
| ) | |
| and ) | |
| ) | |
| CATERPILLAR, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE MOTION FOR AN EXTENSION TO RESPOND TO FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT**

I.  **Statement of Facts.**

Ford's Motion for Summary Judgment was served March 2, 2012, by electronic means. Plaintiff's response was therefore due March 16, 2012. Local rule 7(F)(1) and *Fed R. Civ. Pro.* 6(d) and 5(b)(2)(e). Plaintiff here requests an extension of time until March 22, 2012, to file the Memorandum in Opposition.

Each defendant in this matter has filed a Motion for Summary Judgment. Each addresses only two claims: violation of the Federal Magnuson-Moss Warranty Act and violation of the Virginia Motor Vehicle Warranty Enforcement Act ("Lemon Law"). Plaintiff's response to Caterpillar's Motion for Summary Judgment was timely and raises issues related to both defendants,

so that the arguments in response to Caterpillar's motion should also be considered arguments against Ford Motor Company's motion.

Plaintiff's Complaint, filed in state court and removed to this Court by Defendant Caterpillar, clearly indicates, in the first paragraph, that the action is one for:

> breach of express and implied warranties <u>and</u> violations of the federal Magnuson-Moss Warranty Act <u>and</u> for violations of the Virginia Motor Vehicle Warranty Enforcement At ("Lemon Law"), all pursuant to the sale to Plaintiff of a defective, significantly impaired, unsafe, and unrepaired truck. *Emphasis added.*

"Pleadings must be construed so as to do justice." *Fed R. Civ. Pro.* 8 (e). Therefore, should this Court grant each defendant's Motion for Summary Judgment as to each count argued, the claim that express and implied warranties were breached remains. This argument is discussed further in Plaintiff's Memorandum in Opposition to Ford Motor Company's Motion for Summary Judgment.

Should the Plaintiff's Motion for Extension be denied, the Court must still determine whether the Ford F-650 truck is a "consumer product" under the Magnuson-Moss Warranty Act, using the proper standard, which is the Federal Trade Commission's rule defining the products covered under the Act, found at 16 C.F.R. 700.1(a):

> [A] product is a "consumer product" if the use of that type of product is not uncommon. The percentage of sales or the use to which a product is put by an individual is not determinative. For example, products such as automobiles and typewriters which are used for both personal and commercial purposes come within the definition of consumer product. Where it is unclear whether a particular product is covered under the definition of consumer product, any ambiguity will be resolved in favor of coverage.

## II. Legal Standard for Extension

While a request for an extension "in general, will be looked upon with disfavor," Local Rule 7(I), the Rules provide for an extension on motion after the time has expired "if the party failed to act because of excusable neglect." *Fed R. Civ. Pro.* 6(b). The case law seems to emphasize prejudice or lack thereof, and the lack of requesting an extension. For example, this Court's Norfolk Division would not consider a defendant's rebuttal brief filed sixteen days late, with no request for an extension and no explanation for its tardiness. *Littlejohn v. Moody*, 381 F. Supp. 2d 507 at 508 (4th Cir. 2005). When a plaintiff in this Court's Alexandria Division did not request an extension but filed a late response with no explanation two days before the hearing, the Court found the filing untimely but still reviewed the Memorandum in Opposition and found it lacking because there were no citations to the record to support her "Uncontested Facts." *LUFTI v. US* (ED Va. 2011). The Memorandum in Opposition to Ford Motor Company's Motion for Summary Judgment will have appropriate citations to the record.

The claims in this matter involve two remedial statutes, the interpretation of which should favor the consumers whom the statutes were intended to benefit. Ford Motor Company contends that the Plaintiff is not a "consumer" under those statutes and that the vehicle does not qualify as a "consumer product." But Ford Motor Company issues instructions to builders of recreational vehicles as to how to "upfit" this truck to use it as a personal, recreational vehicle. Those instructions were provided to Ford's counsel by Plaintiff, but not referenced it its attempt to classify the truck as entirely commercial in nature. Reference to them now, and their inclusion as an exhibit to Plaintiff's Memorandum in Opposition to Ford's Motion for Summary Judgment, would not therefore be prejudicial to Ford.

3

Ford's memorandum in support also includes as undisputed some facts regarding Plaintiff's use of the vehicle which are in fact in dispute, particularly referring to the deposition of Plaintiff, which should be considered as a whole. These fact-based arguments are more fully set out in the Memorandum in Opposition to Ford's Motion for Summary Judgment.

Plaintiff asks that the Motion for Extension be granted.

Respectfully submitted,

TERRY S. EVERSOLE

By: /s/ Patty Anderson
Counsel

Patricia Michels Anderson (VSB 65220)
Patty Anderson, Attorney
5905 W. Broad St., Suite 303
Richmond, VA 23230
804.282.7900
804.673.7900 (fax)
panderson@theconsumerlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2012, copies of the foregoing Motion for Extension was sent via electronic mail to the following:

W.F. Drewry Gallalee (VSB No. 20561)
Harold E. Johnson (VSB No. 65591)
Williams Mullen
A Professional Corporation
200 South 10th Street
P. O. Box 1320
Richmond, VA 23218-1320
Phone: 804.420.6000
Fax: 804.420.6507
dgallalee@williamsmullen.com
hjohnson@williamsmullen.com
*Counsel for Caterpillar, Inc.*


William Demarest, Esquire
Goodman Allen & Filetti
4501 Highwoods Parkway
Suite 210
Glen Allen, VA 23060
wdemarest@goodmanallen.com
CAllen@goodmanallen.com
Fax: 804.346.5954
*Counsel for Ford Motor Company*


/s/ Patty Anderson
Patricia Michels Anderson (VSB 65220)
Patty Anderson, Attorney
5905 W. Broad St., Suite 303
Richmond, VA 23230
panderson@theconsumerlawgroup.com
804.282.7900
804.673.7900 (fax)